SOTOA S. SAVALI, Plaintiff

v.

TOGOTOGO LEATUAINA and SINAPATI
LEIFITELE SOTOA, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 8-88

March 16, 1988

Before KRUSE, Associate Justice, AFUOLA, Associate
Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Tau'ese P. Sunia
For Defendants, Charles Ala'ilima

PRELIMINARY INJUNCTION

The defendants, Togotogo Leatuaina, Sinapati
Leifitele Sotoa, and each of them, their respective
aiga, agents, servants, attorneys and all those in
active concert with them are hereby enjoined and
restrained from any further building, construction
or erection of structures upon lands "Masina"
located in Tau, American Samoa, pursuant to

93

Government of American Samoa Coastal Management Program, Development Planning Office Land Use & Building Permit Applications Nos. T9637-A dated 11/12/87; and T9614-A dated 11/24/87, for "FEMA" housing assistance, unless and until such Land Use & Building Permit Applications, or any succeeding applications therefor, have also been approved in writing by plaintiff Sotoa Savali or further Order of Court.

DISCUSSION

Our reasons for the foregoing are as follows: this dispute would be non-existent had the building permits referenced been routed to plaintiff Sotoa for written approval. The plaintiff's position is that he has no objections to the proposed respective building by the defendants. He does object to what he regards as defendants' attempts to undermine the "pule" of the senior matai to the building sites (parts of land "Masina" said to be the communal property of the Sotoa family) by their respective holding out in the said building permits as variously the owners of the land sites.

Defendant Sinapati Sotoa has avoided confronting these claims at this time by offering to desist from any further building and hence submit himself to a restraining order prayed for, while defendant Togotogo Leatuaina has countered with the claim that those parts of "Masina" incorporating his building site are in fact the communal property of the Togotogo family.

We are not convinced, for the limited purposes of this hearing, that the evidence preponderates in favor of Togotogo. We are mindful nonetheless of that competing factor requiring our consideration, namely, "hardship", and the possibility that defendants may lose their opportunities to participate in federal emergency housing aid because of the interval pending final disposition hereof. Accordingly it is the Court's sentiment to maintain the status quo by holding plaintiff to his word of approval and offering defendants the option of participating in federal aid by submitting their respective Land Use & Building Permit applications to plaintiff's approval.

It is so ORDERED.